## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **COMMISSIONER TOMMY HUNTER** | ) |
| **Plaintiff.** | ) |
| | ) **CASE NO.:** |
| | ) |
| **vs.** | ) |
| | ) |
| **GWINNETT COUNTY GEORGIA AND** | ) |
| **JACE BROOKS, CHARLOTTE NASH,** | ) |
| **JOHN HEARD, and LYNNETTE** | ) |
| **HOWARD in their individual and official** | ) |
| **capacities** | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

## INTRODUCTION

### (1)

The Plaintiff is a citizen of Gwinnett County, Georgia and at all relevant times set forth hereafter in this complaint Plaintiff was a duly elected constitutional officer as the District 3 Commissioner for Gwinnett County, Georgia.

### (2)

Plaintiff ran and served as the Republican Party member for the District 3 Commission.

### (3)

1

Defendant Gwinnett County, Georgia is the constitutionally elected Governing Authority of the County of Gwinnett and as a County is a body corporate, with the power to sue or be sued in any court per O.C.G.A § 36-1-3.

(4)

Defendant Gwinnett County, Georgia may be served via the County Attorney or other legal means.

(5)

Each individual named Defendant at all relevant times as set forth in this complaint was a constitutionally elected member for Gwinnett County, Georgia commission authority known as the Gwinnett County Board of Commissioners.

(6)

The Gwinnett County Board of Commissioners were at all relevant times in this complaint comprised of the named individual Defendants and the Plaintiff, and is the County Governing Authority per O.C.G.A 1-3-3(7).

(7)

Plaintiff is a not subject to personnel employment decisions or personnel terms and conditions of any governmental department of the Defendant, Gwinnett County.

2

(8)

The Defendants, individually and in their official capacities have adopted policies and procedures described herein in this complaint for use and enforcement to chill, restrict, and shut down Plaintiff's and any other situated person's 1st Amendment freedoms under the United States Constitution and the Constitution of Georgia to express partisan political criticisms and partisan political speech about elected governmental officials and matters of partisan public political discourse.

(9)

The Defendant Gwinnett County acquiesces in sanctions, the reprimand and chilling of 1st Amendment political speech that does not and did not, and never will constitute any "clear or present danger".

(10)

This action arises under the United States Constitution particularly the First and Fourteenth Amendments; and under federal law, particularly 28 U.S.C. §§ 2201, 2202, 42 U.S.C. §§1983 and 1988.

(11)

This court has original jurisdiction over Plaintiff's federal claims by operation of §28 U.S.C. §§ 1331 and 1343.

(12)

This Court has authority to issue the requested declaratory relief under 28 § U.S.C. 2201.

(13)

This Court has authority to issue the requested declaratory injunctive relief under FED.R.CIV.P. 65 and 28 U.S.C. § 1343(3).

(14)

This Court is authorized to award the requested damages under 28 U.S.C. § 1343(3).

(15)

This Court is authorized to award attorneys' fees under U.S.C. § 1988.

(16)

Venue is proper under 28 U.S.C. § 1391 in the Northern District of Georgia because this claim arose there and because, upon information and belief, all Defendants reside within the District.

## **ALLEGATIONS OF LAW**

(17)

Speech by American citizens, particularly political criticism, even when harsh, unpopular, or controversial about matters of government or public concern or about persons who hold elected office, lies at the heart of democracy and the 1st Amendment.

4

(18)

The Government cannot extend its reach to censor political expression.

(19)

Plaintiff has the constitutional right to believe as he will, to express, and to act and associate according to his political views on elected government officials.

(20)

Defendants issued a permanent reprimand of Plaintiff for exercising those rights.

(21)

All of the acts of the Defendants, their officers, agents, employees, and servants, were executed and are continuing to be executed by Defendants under the color and pretense of the policies, statutes, ordinances, regulations, customs, and usages of the State of Georgia, and under color of law.

(22)

Plaintiff is suffering continued economic injury, humiliation, reproach and irreparable harm from the conduct of the Defendants.

(23)

Unless the Defendants' policies and practices challenged herein are vacated and enjoined, Plaintiff will continue to suffer economic and irreparable injury.

(24)

The Preamble to the United States Constitution provides as follows:

> We the People of the United States, in Order to form a more
> perfect Union, establish Justice, insure domestic Tranquility,
> provide for the common defence, promote the general Welfare,
> and secure the Blessings of Liberty to ourselves and our Posterity,
> do ordain and establish this Constitution for the United States of
> America.

(25)

The 1st Amendment to the United States Constitution provides as follows:

> Congress shall make no law . . . abridging the freedom of
> speech, or of the press; or the right of the people peaceably to
> assemble, and to petition the Government for a redress of
> grievances.

(26)

The 14th Amendment to the United States Constitution Section 1 provides as

follows:

> . . . No State shall make or enforce any law which shall
> abridge the privileges or immunities of citizens of the United
> States; nor shall any State deprive any person of life, liberty,
> or property, without due process of law; nor deny to any
> person within its jurisdiction the equal protection of the laws.

(27)

The Preamble to the Constitution of the State of Georgia provides,

> To perpetuate the principles of free government, insure justice

6

to all, preserve peace, promote the interest and happiness of the citizen and of the family, and transmit to posterity the enjoyment of liberty, we the people of Georgia, relying upon the protection and guidance of Almighty God, do ordain and establish this Constitution.

(28)

Article I. Bill of Rights of the Georgia Constitution provides as follows:

## SECTION I
## RIGHTS OF PERSONS

Paragraph I. **Life, liberty, and property**. No person shall be deprived of life, liberty, or property except by due process of law.

Paragraph V. **Freedom of speech and of the press guaranteed**. No law shall be passed to curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish sentiments on all subjects but shall be responsible for the abuse of that liberty.

Paragraph VII. **Citizens, protection of**. All citizens of the United States, resident in this state, are hereby declared citizens of this state; and it shall be the duty of the General Assembly to enact such laws as will protect them in the full enjoyment of the rights, privileges, and immunities due to such citizenship.

(29)

## SECTION II.
## OF THE GEORGIA CONSTITUTION
## ORIGIN AND STRUCTURE OF GOVERNMENT

Paragraph I. **Origin and foundation of government**. All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. Public officers are the trustees and servants of the people and are at all times amenable to them.

Paragraph II. **Object of government**. The people of this state have the inherent right of regulating their internal government. Government is instituted for

the protection, security, and benefit of the people; and at all times they have the right to alter or reform the same whenever the public good may require it.

Paragraph III. **Separation of legislative, judicial, and executive powers**. The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

Paragraph V. **What acts void**. Legislative acts in violation of this Constitution or the Constitution of the United States are void, and the judiciary shall so declare them.

(30)

The Constitution of the State of Georgia and the General Assembly has not conferred power upon local governments to discipline or remove constitutionally elected officials by any local ethics board nor any method inconsistent with the Georgia Constitution nor for the exercise of 1st Amendment political speech and expression.

## ANTE LITEM NOTICE

(31)

The relief and claims by Plaintiff in his complaint were set out in Plaintiff's ante litem notice that is attached as Exhibit 1 and Plaintiff incorporates by reference herein as if set forth fully herein the entire Exhibit 1 and the documents attached thereto.

## FACTS

(32)

Defendants by local ordinance adopted a Code of Ethics on or around November 15, 2011 to deal with Government decisions and Government policies as to influence in Government decisions for non-disclosure as to government contracts (Exhibit 1 to document 1).

(33)

Defendants amended that code of ethics on or around February 28, 2017 that provided for some private persons to be appointed by private organizations to carry out Government functions, including issuance of subpoenas and holding hearings to make factual recommendations to the Board of Commissioners and that procedure and process violates the Georgia Constitution as an improper delegation of the power of appointment under *Rogers v. Medical Assn. of Ga., 259 SE 2d 85 (1979)* and *Delay v. Sutton, 818 SE 2d 659 (2018)* (See Exhibit 1, document 2).

(34)

On or around February 6, 2017 a non-citizen of Gwinnett County filed a purported ethics complaint against Plaintiff.

(35)

That complainant alleged that Plaintiff, on January 14, 2017, posted on his personal Facebook page a statement calling United States Congressman John Lewis a "racist pig".

(36)

Congressman Lewis, a Democrat, had previously made publicly harsh criticisms about newly elected President Donald Trump, a Republican, who had defeated Hillary Clinton (supported by Lewis) in the 2016 November national election (Exhibit 1, document 4).

(37)

The complainant also alleged that Plaintiff referred to members of the Democratic Party as "demon rats" and "idiots" (Exhibit 1, document 4).

(38)

Plaintiff did not use any profanity nor government resources or government computers to post his political comments on his personal Facebook page as a political rebuttal to Congressman Lewis' public criticisms of President Trump.

(39)

Plaintiff was not on government property nor at any government taxpayer funded event when he posted the aforementioned Facebook political comments.

(40)

Plaintiff's Facebook comments did not urge or encourage any violence to property or persons.

(41)

Plaintiff did not direct his Facebook political comments to the complainant who filed the purported Ethics complaint and Plaintiff did not know the complainant at the time the Facebook political comments were posted.

(42)

Plaintiff was not in the physical presence of the complainant nor at any commission meeting when the Facebook political comments were posted.

(43)

In 2016 Hillary Clinton flipped Gwinnett County for the Democrats and an ethics inquiry was empaneled in the heat of public consternation that Plaintiff dare criticize an American Civil Rights hero who was and is a Democrat and sitting United States Congressman (Exhibit 1, document 4).

(44)

Plaintiff was denied the right to effective representation by an Attorney at the Ethics inquisition hearing and Plaintiff declined to participate in that politically motivated sham process (Exhibit 1, document 4).

(45)

Plaintiff's political speech was made as a citizen and implicated a matter of public concern.

(46)

The "redress of grievance clauses" of the 1st Amendment and of the Georgia Constitution protects controversial as well as conventional dialogue and extends to advocacy as well as debate.

(47)

Plaintiff's speech did not impede or obstruct the County's ability to perform its duties efficiently.

(48)

Chilling of 1st Amendment political speech by Government officials to negate criticism of other elected government official is not a "compelling legitimate government interest" and the same amounts to an overbroad "political correctness" gag order.

(49)

The purported Ethics Board comprised of persons appointed by public officials and private organizations found that Plaintiff's political expression violated the Code of Ethics and referred the matter to Gwinnett County Board of

Commissioners who took up the matter in executive session and excluded Plaintiff from attending or participating (Exhibit 1, document 4).

(50)

The Defendants adopted findings of the Ethics Board and issued a Government sanctioned permanent reprimand of the Plaintiff.

(51)

There is no legislated appellate process to appeal the findings of the Ethics Board, its recommendations or the final decisions of the Defendants and Defendants did not announce any appeal rights in their final decisions.

(52)

All Defendants at all relevant times were acting under color of local law.

(53)

On or about June 20, 2017 Defendants, under color of law, individually and in their official capacities invoked government sanctions to tortiously chill, restrict and nullify Plaintiff's freedom of political speech by publicly reprimanding Plaintiff, posting the same on Government websites at the Gwinnett County Justice and Administration Center , and using taxpayers funds to post said reprimand in the Gwinnett Daily Post, the Gwinnett County legal organ as a permanent ban to chill and restrict Plaintiff's First Amendment political expression.

(54)

Plaintiff has been and continues to be economically damaged by Defendants who knew or should have known that it was clearly established law that Plaintiff's political expression was protected free speech under the Federal and State laws.

## FIRST CAUSE OF ACTION
## First Amendment Right to Freedom of Speech: Retaliation
## (42 U.S.C. § 1983)

(55)

Plaintiff repeats and re-alleges each of the prior allegations contained in this Verified Complaint.

(56)

The Free Speech Clause of the First Amendment, incorporated and made applicable to the states by the Fourteenth Amendment, protects the right of citizens to speak on matters of public concern.

(57)

Plaintiff seeks compensatory and punitive damages.

## SECOND CAUSE OF ACTION
## First Amendment Right to Freedom of Speech: Viewpoint
## Discrimination, Overbreadth, Prior Restraint and Unbridled
## Discretion (42 U.S.C. § 1983)

(58)

Plaintiff repeats and re-alleges each of the prior allegations contained in this Verified Complaint.

(59)

The Free Speech and Redress of Grievances Clause of the First Amendment, incorporated and made applicable to the states by the Fourteenth Amendment, prohibits the government from engaging in viewpoint discrimination.

(60)

Viewpoint based restrictions on speech are presumptively unconstitutional and are subject to strict scrutiny even where citizens do not possess a constitutional right to speak in the first place.

(61)

Pursuant to their policies and practices, Defendants have allowed public officials similarly situated to Plaintiff to make political comments about publicly elected officials.

(62)

Defendants have no rational, let alone compelling reason for prohibiting Plaintiff's expression of his political viewpoint on elected official which is shared by other Georgians.

(63)

The Free Speech Clause of the First Amendment, incorporated and made applicable to the states by the Fourteenth Amendment, also forbids the government from imposing overbroad restrictions on protected speech.

(64)

The substantial overbreadth of Defendants' policy and practice chills, deters, and restricts Plaintiff's speech and that of other elected official not before the Court who wish to engage in expression about other elected government officials.

(65)

Defendant's reprimand of Plaintiff amounted to a "gagging" of Plaintiff's political speech on public matters and public persons under non-exceptional circumstances.

(66)

Defendants' policies and practices are not narrowly tailored to advance any government legitimate interests because Plaintiff's speech does not implicate any legitimate interests Defendants might assert. Defendants by policy and practice, acting under color of state law, have prohibited Plaintiff from exercising his clearly established rights to freely speak on matters of public concern, to be free from viewpoint discrimination, to be free from prior restraints that grant officials unbridled discretion to censure speech, all of which are secured by the First Amendment to the United States Constitution.

(67)

Plaintiff seeks compensatory and punitive damages.

## THIRD CAUSE OF ACTION
### First Amendment Right to Freedom of Association
### (42 U.S.C. § 1983)

(68)

Plaintiff repeats and re-alleges each of the prior allegations contained in this Verified Complaint.

(69)

The First Amendment, incorporated and made applicable to the states by the Fourteen Amendment, protects the right of citizens to join together to promote a message on public and political matters related to their Government that is of public concern.

(68)

Plaintiff seeks compensatory and punitive damages.

## FOURTH CAUSE OF ACTION
### Fourteenth Amendment Right to Equal Protection of the Laws
### (42 U.S.C. § 1983)

(69)

Plaintiff repeats and re-alleges each of the prior allegations contained in this Verified Complaint.

(70)

The Equal Protection and Due Process Clause of the Fourteenth Amendment requires that the government treat similarly-situated persons alike and not deprive any person of any liberty interest without due process of law.

(71)

Plaintiff seeks compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and provide Plaintiff with the following relief:

(1) A permanent injunction requiring Defendants, their agents, employees, and all persons in active concert or participation with them to vacate the reprimand of Plaintiff.

(2) A declaration stating that Defendants violated Plaintiff's rights to free speech, free association, free exercise, equal protection, and due process by invoking a Government reprimand of Plaintiff.

(3) Compensatory damages, including, but not limited to: lost income, costs associated and humiliation, emotional distress, inconvenience, and loss of economic opportunities caused by Defendants' actions and statements;

(4) Compensatory damages for violating Plaintiff's constitutional rights;

(5) Punitive damages for intentionally violating Plaintiff's constitutional rights;

18

(6) Other equitable relief for violating Plaintiff's constitutional rights and the expungement of the reprimand for all matters related to the personal expression of his political speech;

(7) Reasonable attorneys' fees, costs, expenses, and other disbursement in this action pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k);

(8) The above-requested injunctive relief without condition of bond or other security being required of Plaintiff;

(9) Prejudgment interest on any pecuniary awards provided;

(10) General and special damages awarded in the excess of five (5) million dollars;

(11) Plaintiff seeks compensatory and punitive damages as relief for violating his federal and state Constitutional rights.

(12) That all exhibits to Plaintiff's complaint be incorporated herein as to all allegations and averments as to every paragraph as if set forth fully therein.

Respectfully submitted, this 12th day of June, 2019.


**/s/ Dwight L. Thomas**
Dwight L. Thomas
Attorney at Law
Georgia Bar No.: 704825

296 Henderson Mill Road, N.E. Suite 304
Atlanta, GA 30345
Telephone: 404-522-1400
Facsimile:  770-723-9115